■ SUZANNE MISCHKE, an Infant, by Her Father and Natural Guardian, VINCENT MISCHKE, Respondent, v SOUTH NASSAU COMMUNITY HOSPITAL, Defendant, and CALVELLI AND MCGUINESS, M.D., P. C., et al., Appellants.—In an action to recover damages for medical malpractice, the defendants Calvelli and McGuiness, M.D., P. C.; George J. Calvelli, Jr., M.D.; William McGuiness, M.D., and Boleslaus A. Kutz, M.D., appeal from an order of the Supreme Court, Nassau County (Di Noto, J.), dated March 1, 1990, which denied their motion to strike the plaintiff's certificate of readiness.

Ordered that the order is affirmed, with costs.

The defendant doctors contend that they have not been provided with all documentation with respect to the plaintiff's medical and educational history. They claim that the deposition of the mother of the plaintiff, who is not a party to the action, indicated the presence of additional private letters and evaluations. We disagree and find that the Supreme Court properly denied the defendant doctors' motion to strike the plaintiff's certificate of readiness as all the documents mentioned by the plaintiff's mother were obtained by them through the multitude of authorizations provided. As to the nebulous reference in the plaintiff's mother's deposition to school records following kindergarten, there is no reason to believe that the records reflect the nature and cause of the plaintiff's disability. Moreover, given that more than four years have elapsed since the defendants' request for the records, we find credible the plaintiff's contention that these records, if they ever existed, have been inadvertantly misplaced. Bracken, J. P., Kunzeman, Eiber and Ritter, JJ., concur.